IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CHRISTOPHER H. WEST, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Civ. Action No. 13-2103-GMS |
| | ) |
| MARK EMIG and | ) |
| JEFFREY CAROTHERS, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

At Wilmington, this 5th day of Feb, 2015;

## I. INTRODUCTION

The plaintiff Christopher H. West ("West"), a prisoner incarcerated at the James T. Vaughn Correctional Center ("VCC"), Smyrna, Delaware, filed a complaint pursuant to 42 U.S.C. § 1983 on December 30, 2013. (D.I. 1.) Pending before the court is West's motion for temporary restraining and/or preliminary injunction (D.I. 15): (1) to restrain the defendants, as well as their subordinates, from any contact with him; and (2) for a transfer from solitary confinement to a different institution where the defendants have no subordinates. The defendants oppose the motion.

## II. STANDARD OF REVIEW

A preliminary injunction is "an extraordinary remedy that should be granted only if (1) the plaintiff is likely to succeed on the merits; (2) denial will result in irreparable harm to the plaintiff; (3) granting the injunction will not result in irreparable harm to the defendant; and (4) granting the injunction is in the public interest." *NutraSweet Co. v. Vit-Mar Enterprises, Inc.*, 176 F.3d 151, 153 (3d Cir. 1999) ("NutraSweet II"). The elements also apply to temporary

1

restraining orders. *See NutriSweet Co. v. Vit-Mar Enterprises., Inc.*, 112 F.3d 689, 693 (3d Cir. 1997) ("NutraSweet I") (a temporary restraining order continued beyond the time permissible under Rule 65 must be treated as a preliminary injunction, and must conform to the standards applicable to preliminary injunctions). "[F]ailure to establish any element in [a plaintiff's] favor renders a preliminary injunction inappropriate." *NutraSweet II*, 176 F.3d at 153. Furthermore, because of the intractable problems of prison administration, a request for injunctive relief in the prison context must be viewed with considerable caution. *Rush v. Correctional Med. Services, Inc.*, 287 F. App'x 142, 144 (3d Cir. 2008) (unpublished) (citing *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995)).

## III. DISCUSSION

West alleges that he has been threatened, harassed, and subjected to cruel and unusual punishment. He refers to verbal threats, limited recreational time, limited family contact, and problems with legal work. West complains that he has been housed in SHU solitary confinement since August 2012. He complains that his mental condition is deteriorating and that his time in solitary confinement has the potential to result in permanent harm or loss of life.

The defendants oppose the motion noting that West raises issues not raised in his original complaint. They advise that West's current housing is due to his disruptive behavior, numerous disciplinary infractions, and an institutional interest in his well-being. The defendants further advise that West is not held in solitary confinement, but is held in the SHU, where inmates are single-celled. SHU is generally required for inmates who pose a danger to others or themselves and are considered higher security risks.

Upon review of the allegations made by West and the lack of any evidence to substantiate his claims, the court concludes that he has not demonstrated the likelihood of success on the

merits. First, prison officials have discretion to house inmates at the facilities they choose. *Walls v. Taylor*, 856 A.2d 1067, 2004 WL 906550 (Del. 2004) (table) (citing *Brathwaite v. State*, No. 169, 2003 (Del. Dec. 29, 2003)); *see also Olim v. Wakinekona*, 461 U.S. 238, 251(1983) (an inmate has no due process right to be incarcerated in a particular institution whether it be inside the state of conviction, or outside that state.) Nor do inmates have a "legitimate statutory or constitutional entitlement" to any particular custodial classification even if a new classification would cause that inmate to suffer a "grievous loss." *Moody v. Daggett*, 429 U.S. 78, 88 n. 9 (1976). Second, a violation of the First Amendment right of access to the courts is only established where a litigant shows that he was actually injured. *See Lewis v. Casey*, 518 U.S. 343, 351 (1996); *Christopher v. Harbury*, 536 U.S. 403, 415 (2002); *Zilich v. Lucht*, 981 F.2d 694, 695 (3d Cir. 1992). Here, there has been no showing of injury.

West has not produced evidence of irreparable harm. Nor does the record support a likelihood of success on the merits. Inasmuch as he has failed to demonstrate the necessary requisites for injunctive relief, West's motion will be denied. Moreover, his request for a transfer flies directly in the face of the Delaware Department of Correction's proper exercise of its discretion in determining appropriate housing for its inmates. Granting the injunctive relief West seeks would be in contravention of the public's interest in the effective and orderly operation of this State's prison system. *See Carrigan v. State of Delaware*, 957 F. Supp. 1376, 1385 (D. Del. 1997).

## IV. CONCLUSION

For the above reasons, the court **denies** West's motion for injunctive relief. (D.I. 15.)

UNITED STATES DISTRICT JUDGE

3